UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AVROHOM DAVIDSON,
                      Plaintiff,

-v-

JP MORGAN CHASE BANK NA,
                      Defendant.

21-CV-11063 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    This action is dismissed without prejudice for failure to prosecute. In October 2021, Plaintiff Avrohom Davidson sued Defendant JP Morgan Chase Bank NA for breach of contract and for violations under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (*See* Dkt. No. 1-1.) In December 2021, Defendant removed the action to this Court. (*See* Dkt. No. 1.)

    On January 21, 2022, the Court directed counsel for Plaintiff to file an appearance by February 2, 2022. (*See* Dkt. No 7.) Defendant served that order on Plaintiff, but neither Plaintiff nor counsel appeared. (*See* Dkt. No. 8.) On February 2, 2022, Defendant filed a motion to dismiss the complaint. (*See* Dkt. No. 9.) Plaintiff did not file a response. (*See* Dkt. No. 13.)

    On May 25, 2022, the Court noted that noncompliance, directed Plaintiff's counsel to appear by June 17, 2022, and directed Plaintiff to file an opposition to the motion to dismiss by June 17, 2022. (*See* Dkt. No. 13.) The Court stated that "[f]ailure to do so will result in dismissal for failure to prosecute" and that "[t]he Court may also treat the motion to dismiss as unopposed." (*See* Dkt. No. 13.) Defendant served that order on Plaintiff, but neither Plaintiff nor counsel has appeared, and no opposition has been filed. (*See* Dkt. No. 14.)

1

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action "if the plaintiff fails to prosecute or to comply with the rules or a court order." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). It is settled that Rule 41(b) "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). Dismissal without prejudice is appropriate here. First, Plaintiff has "caused a delay of significant duration." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). It has been five months since Plaintiff was ordered to appear; Plaintiff has not appeared, made any filings, or otherwise contacted the Court. Second, Plaintiff was "given notice that further delay would result in dismissal." *Id.* Third, there is prejudice where Plaintiff has caused an "unreasonable delay." *Lesane*, 239 F.3d at 210. Fourth, dismissal without prejudice appropriately strikes a balance "between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard." *Id.* at 209. Fifth, Plaintiff's disregard of prior court orders necessitates dismissal. *See id.*

Accordingly, this action is dismissed without prejudice to refiling.

The Clerk of Court is directed to close Docket Number 9 and to close this case.

SO ORDERED.

Dated: June 27, 2022
       New York, New York

_____
J. PAUL OETKEN
United States District Judge